Filed 5/13/25  P. v. Inda CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JONATHAN INDA,<br><br>　　Defendant and Appellant. | B336649<br><br>(Los Angeles County<br>Super. Ct. No. GA075288) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed and remanded with directions.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Jonathan Inda appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95)[1] as to his attempted murder conviction by a no-contest plea. The superior court concluded Inda failed to make a prima facie showing of eligibility. While this appeal was pending, the California Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and we invited supplemental briefing from the parties. We affirm the superior court's order and remand with directions to provide Inda an opportunity to file an amended petition.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Underlying Crime*

At the preliminary hearing on Inda's charges, Anthony Haire testified that on November 24, 2008 at about 12:45 p.m. he was mowing a lawn in Duarte, Los Angeles. A lime-green Ford Taurus drove past him, and he saw two "Hispanic males" in the car. Haire made eye contact with the front passenger.

The car drove past Haire, made a U-turn, and came back towards him. Haire heard running footsteps, turned around, and saw a person standing 10 feet away with a semiautomatic handgun. The man, who Haire recognized as the passenger in the Taurus, pointed the gun at Haire and fired one shot. As Haire ran away he heard four or five more gunshots.

Haire saw the shooter get back into the Taurus's front passenger seat, and the car quickly drove away. The next day,

---

[1] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) All undesignated statutory references are to the Penal Code.

Haire identified Inda as the shooter from a six-pack photographic lineup. Haire also identified Inda in court as the shooter.

Detective Andrew Dahring with the Los Angeles County Sheriff's Department testified that in December 2008 a beige[2] Ford Taurus, which Haire later identified in court as the car involved in the shooting, was impounded. When Inda's girlfriend, Elisabeth Luna, came to the sheriff's station to retrieve the car, she told Dahring that Inda drove the Taurus. She also said in the past she had seen Inda with a semiautomatic firearm.

Dahring also provided gang expert testimony. He testified the area where the shooting occurred was in Duarte Eastside gang territory. Inda had the word "Duarte" tattooed across the back of his head along with other tattoos associated with the gang. The apartment where Inda lived contained several items of gang paraphernalia, including two shirts bearing the name "Duarte Eastside." In March 2008 Dahring had contacted Inda, and Inda admitted to him that he was a member of the Duarte Eastside gang. Based on those facts, Dahring opined that Inda was a member of the Duarte Eastside gang. Dahring also opined that the shooting was committed for the benefit of the Duarte Eastside gang.

B.    *The Charges, Plea, and Sentencing*

The People charged Inda with attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664) and possession of a firearm by a felon (§ 12021, subd. (a)(1)). As to the attempted murder, the People alleged that Inda personally and intentionally

---

[2]    Dahring testified that the car was a "unique color" in that, "depend[ing] on the angle of the light that reflects off the vehicle, it can look gold or tan or green."

discharged a firearm (§ 12022.53, subd. (c)) and that he personally used a firearm (§ 12022.53, subd. (b)). As to both counts, the People alleged a gang enhancement (§ 186.22, subd. (b)(1)(C)).

On August 24, 2010 Inda pleaded no contest to attempted murder and admitted that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and committed the crime for the benefit of a gang within the meaning of section 186.22, subdivision (b)(1). The trial court sentenced Inda to 37 years in prison, consisting of seven years for the attempted murder, plus 20 years for the firearm enhancement and 10 years for the gang enhancement. The court dismissed the remaining count and allegations.

C.     *The Superior Court Denies Inda's Petition for Resentencing*

On January 5, 2022 Inda filed, pro se, a petition for resentencing under section 1172.6 as to his attempted murder conviction. He used a pre-printed form petition wherein he checked boxes next to statements that correspond to statutory requirements for relief, including statements that he was convicted under an invalid theory and could not presently be convicted because of the changes to homicide law. The superior court appointed counsel, and the parties filed briefs. The People argued Inda was ineligible for relief because he was the actual perpetrator, as evidenced by the preliminary hearing transcript. Inda argued the court should make a prima facie finding that Inda was eligible for relief because it must take his factual allegations as true and must not engage in fact-finding. Inda did not make any further argument or challenge the version of facts put forth by the People.

4

The superior court denied Inda's petition without issuing an order to show cause based on the preliminary hearing and plea transcripts. The court stated, "Looking at the preliminary hearing transcript, it does not support a finding that . . . Inda was being held vicariously liable under felony murder and/or natural and probable consequences. . . . Inda admitted to the attempted murder and admitted that he personally and intentionally discharged a firearm . . . and there's no evidence there was more than one gun used."

Inda timely appealed.

## DISCUSSION

A.  *Relevant Legal Principles*

Effective 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder.[3] (*Patton, supra,* 17 Cal.5th at p. 558; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on one's participation in a crime and requires proof of malice to convict a principal of murder.[4] To provide relief to those with existing murder convictions based on now-invalid theories, the Legislature created a path to resentencing. "It has since expanded this path to allow relief for those with 'attempted murder' convictions based on 'the natural and probable

---

[3]     It also narrowed the felony-murder rule by adding section 189, subdivision (e), but the felony-murder rule is not at issue in this appeal.

[4]     The one exception to this rule is stated in section 189, subdivision (e). (§ 188, subd. (a)(3).)

5

consequences doctrine.' (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.)" (*Patton*, at p. 558.) Under the current resentencing statute, codified in section 1172.6, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine" may petition the superior court to vacate the conviction and be resentenced on any remaining counts if the petitioner could not now be convicted of attempted murder because of the changes to the homicide laws. (§ 1172.6, subd. (a).)

If a section 1172.6 petition contains all the required information, the sentencing court must appoint counsel to represent the petitioner if requested. (§ 1172.6, subd. (b)(1)(A), (3); see also *People v. Lewis* (2021) 11 Cal.5th 952, 962-963 (*Lewis*).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing that the petitioner is entitled to relief. (§ 1172.6, subd. (c).) If the petitioner makes that showing, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the attempted murder or murder convictions and resentence the petitioner on any remaining counts. (*Id.*, subds. (c), (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra,* 11 Cal.5th at p. 971; accord, *Patton, supra,* 17 Cal.5th at p. 563.)

"[T]he court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of*

6

law." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may consider the record of conviction, which will "necessarily inform the . . . court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; accord, *Patton, supra*, 17 Cal.5th at p. 563.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; accord, *Patton*, at p. 563.)

"[P]etitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra*, 17 Cal.5th at p. 567.) "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing. Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Patton*, at pp. 565-566, fn. omitted.) Under these circumstances, a superior court may deny a section 1172.6 petition at the prima facie stage. (*Patton*, at p. 569.)

Our Supreme Court recently clarified that "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty

7

plea." (*Patton, supra*, 17 Cal.5th at p. 568.) A superior court may, at the prima facie stage, "rely on unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" asserting legal conclusions to determine whether a petitioner is eligible for relief under section 1172.6. (*Patton*, at p. 564.) The Supreme Court concluded the petitioner in *Patton* failed to make a prima facie showing because his petition contained only such a checkbox declaration, and he "offer[ed] no factual counterweight" to the People's contention that the preliminary hearing transcript showed he was the sole perpetrator of the attempted murder. (*Ibid.*) The court affirmed the denial of his petition but "out of an abundance of caution" ordered the Court of Appeal to remand the matter to the superior court with directions for the superior court to consider an amended petition should the petitioner seek to file one within 30 days. (*Id.* at p. 569.)

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [denial at the prima facie stage "is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law," which "is a purely legal conclusion . . . we review de novo"].)

B.      *The Superior Court Properly Denied Inda's Petition for Resentencing*

In his opening brief, Inda argued the superior court engaged in "impermissible fact finding" by relying on the preliminary hearing transcript. Both parties noted on appeal there was a split of authority regarding the use of a preliminary hearing transcript at the section 1172.6 prima facie stage.

8

However, while the appeal was pending, the Supreme Court settled this split in *Patton*, and, as discussed, held the preliminary hearing transcript may be considered at the prima facie stage. (*Patton, supra,* 17 Cal.5th at p. 564.) We requested supplemental briefing to address the impact of *Patton* on this appeal.

The People assert in their supplemental brief that the superior court's order should be affirmed under *Patton*. The preliminary hearing transcript shows Inda was the sole shooter: Haire testified he saw Inda approach to within 10 feet of him and point a gun in Haire's direction and shoot it. And, as the People argue, Inda "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6." (*Patton, supra,* 17 Cal.5th at p. 569.)

Inda argues for the first time on appeal that he made a prima facie showing of relief because "the record contains indications that someone else might have been the actual perpetrator." Inda specifically contends "at least two potential witnesses who did not testify at the preliminary hearing . . . could have provided testimony . . . that [he] may not be the sole shooter."[5] But in the superior court, Inda offered only "conclusory, checkbox allegations" (*Patton, supra,* 17 Cal.5th at p. 605) of entitlement to relief in response to a record of conviction, including the preliminary hearing transcript, that demonstrated his conviction rested on the theory that Inda was the actual perpetrator of the attempted murder of Haire. Thus,

---

[5] Inda did not attach witness statements or provide any offer of proof regarding the testimony of the two potential witnesses.

Inda has failed to establish a prima facie showing of eligibility for relief under section 1172.6.  (See *Patton*, at pp. 605-606.)

Inda also argues that "[a]t the very least, the existence of two potential witnesses justifies him in requesting that this court remand this matter, granting him leave to amend his resentencing petition to allege the specific facts required."  We follow the Supreme Court's directive "out of an abundance of caution" and remand the matter to the superior court with directions to consider an amended petition should Inda seek to file one within 30 days of the remand.  (*Patton, supra*, 17 Cal.5th at p. 569; see *People v. Glass* (Apr. 22, 2025, D084008) __ Cal.App.5th __ [2025 WL 1165276] [granting section 1172.6 petitioner's request to remand for opportunity to amend petition, because petitioner did not have the benefit of *Patton*'s guidance during prima facie stage].)

## DISPOSITION

This matter is remanded to the superior court to consider an amended petition should Inda file one within 30 days of remand.  We otherwise affirm the order denying Inda's petition for resentencing.

STONE, J.

We concur:

MARTINEZ, P. J.                                    SEGAL, J.

10